C. Brian Kornbrek
GREENBAUM ROWE SMITH & DAVIS LLP
75 Livingston Avenue
Roseland, NJ 07068
(973) 535-1600 (tel.)
(973-535-1698 (fax)

*Attorneys for Plaintiffs Ramada Worldwide Inc., and Wyndham Worldwide Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMADA WORLDWIDE INC. and: WYNDHAM WORLDWIDE CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>BALAJEE INVESTMENTS, INC. and NAGIN J. PATEL,<br><br>Defendants. | Civil Action No. 07-cv-08303<br><br>**COMPLAINT** |

Plaintiffs, Ramada Worldwide Inc. ("RWI") and Wyndham Worldwide Corporation ("WWC"), by their attorneys, Greenbaum, Rowe, Smith & Davis LLP, allege against Balaje Investments, Inc. ("Balaje"), and Nagin J. Patel (a/k/a Nick Patel) ("Patel"), Defendants, as follows:

**NATURE OF THE ACTION**

1. Balaje owns and operates a hotel, and Balaje entered into a license agreement with Ramada Franchise Systems, Inc. ("RFS"), a predecessor to RWI (collectively referenced as

1

941521.01

RWI), to operate that hotel as a Ramada Inn. Balaje, Plaintiffs and other entities were sued in Maryland in connection with alleged personal injuries arising out of the ownership and operation of the Ramada hotel. Plaintiffs bring this breach of contract and declaratory judgment action because Balaje and Patel breached their contractual obligations to Plaintiffs in that they failed to defend, indemnify or obtain insurance coverage for plaintiffs.

## PARTIES

2. Plaintiff RWI is a Delaware corporation with its principal place of business at 1 Sylvan Way, Parsippany, New Jersey. RWI is the successor to the interests of RFS.

3. Plaintiff WWC is a Delaware corporation with its principal place of business at 7 Sylvan Way, Parsippany, New Jersey.

4. Defendant Balaje is a Maryland corporation with its principal place of business at 5151 Annapolis Road, Camp Springs, Maryland. Balaje owns and operates a hotel trading under the Ramada Inn name which it licenses from RWI.

5. Defendant Patel is an individual residing in the State of Maryland.

## JURISDICTION & VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

7. Jurisdiction and venue also is proper in the Southern District of New York in that paragraph 30 of the July 6, 1992, license agreement between Balaje and Plaintiffs, the breach of

2

941521.01

which agreement constitutes a substantial part of the claim, specifies that Balaje consents to the personal jurisdiction of the United States District Court for the Southern District of New York.

## FACTS

8. Angel M. Reyes and Sonia M. Reyes commenced a legal action ("Reyes Action") against Balaje, RWI, WWC and other entities for injuries allegedly sustained by Angel Reyes in an assault occurring on August 27, 2003 (the "occurrence"), at the Camp Springs Ramada Inn® brand guest lodging facility at 5151 Allentown Road, Camp Springs, Maryland 20746, and for Sonia Reyes' loss of consortium relating to Angel Reyes' injuries in the Circuit Court for Prince George's County, Maryland, Case No. CA 06-02507. A copy of the Amended Complaint in the Reyes Action is attached hereto as Exhibit A.

9. RWI and WWC deny the allegations of in the Reyes Action and deny that they are in any way responsible for the occurrence or any resulting injuries complained of therein.

10. On or about July 6, 1992, RWI and Balaje, entered into a Ramada License Agreement (the "Agreement") for the establishment of a franchise relationship between RWI and Balaje as Licensee. A copy of the Agreement is attached hereto as Exhibit B. The Agreement allowed the Licensee to use, in connection with the operation of a Ramada Inn® brand guest lodging facility located at 5151 Allentown Road, Camp Springs, Maryland 20746 (the "Facility"), certain proprietary marks of RWI and the Ramada System, consisting of certain intellectual property and other services.

11. According to the Amended Complaint in the Reyes Action, the occurrence took place at the Facility during a time when the Agreement was in effect.

12. Under the Agreement, Balaje, as Licensee, agreed during the term of the Agreement and for a period of not less than six months after termination of the Agreement, to secure and maintain specified types and amounts of insurance coverage, and to name RWI and its affiliates (including subsidiaries and parents, such as WWC) as additional insureds.

13. Under the Agreement, Balaje, as Licensee, agreed at all times to defend and indemnify RWI and its affiliates (including subsidiaries and parents, such as WWC) from all payments of money (including fines, damages, legal fees, and expenses) incurred in connection with any demand, claim, tax, penalty, administrative or judicial proceeding, or action relating to, among other things:

 a) any act, omission or obligation of Licensee or anyone associated or affiliated with Licensee or the Facility; and

 b) any claimed occurrence at the Facility; and

 c) any claims or actions by third parties arising out of Licensee's execution of the Agreement or operation of the Facility under the Ramada® name.

14. Plaintiffs have demanded that Balaje fulfill its obligations under the Agreement, but it has refused to do so.

## COUNT I

### CLAIM FOR BREACH OF CONTRACT
### (AGAINST BALAJE INVESTMENTS, INC.)

15. RWI and WWC incorporate by reference the allegations made in Paragraphs 1-14.

16. Despite its contractual obligation under the Agreement to secure and maintain specified types and amounts of insurance coverage naming RWI and its affiliates (including

subsidiaries and parents, such as WWC) as additional insureds, Balaje has failed to do so, thereby breaching its contractual obligation to RWI and WWC.

17. The types of insurance required under the Agreement would have provided coverage for the claims being made against RWI and WWC in the Reyes Action.

**WHEREFORE**, Plaintiffs RWI and WWC demand judgment against Defendant Balaje for:

a) In the amount of any judgment in the Reyes Action against RWI and/or WWC;

b) costs and expenses (including, but not limited to attorneys' fees) incurred in defending the Reyes Action; and

c) such other relief as the Court deems appropriate.

## COUNT II

### CLAIM FOR EXPRESS INDEMNIFICATION (AGAINST BALAJE INVESTMENTS, INC.)

18. RWI and WWC incorporate by reference the allegations made in Paragraphs 1-17.

19. Under the indemnity provision contained in paragraph 14 of the Agreement, Defendant Balaje will be liable to RWI and WWC for the full amount of any judgment awarded against RWI and WWC in the Reyes Action and for the legal expenses sustained by RWI and WWC in defending the Reyes Action. Legal expenses have already been incurred, and continue to be incurred in defending the action.

**WHEREFORE**, Plaintiffs RWI and WWC enter declaratory judgment against Defendant Balaje by way of indemnity for:

    a)     In the amount of any judgment in the Reyes Action against RWI and/or WWC;

    b)     costs and expenses (including, but not limited to attorneys' fees) incurred in defending the Reyes Action; and

    c)     such other relief as the Court deems appropriate.

## COUNT III

### CLAIM FOR IMPLIED INDEMNIFICATION
### (AGAINST BALAJE INVESTMENTS)

20. RWI and WWC incorporate by reference the allegations made in Paragraphs 1-19.

21. The claims asserted in the Reyes Action, if meritorious, are based solely on the negligent actions of Balaje.

22. RWI and WWC are not negligent and are without fault in connection with the allegations contained in the Reyes Action.

23. If RWI or WWC is found liable in the Reyes Action, such liability will be merely derivative or vicarious liability resulting from RWI's legal relationship with Balaje.

24. The circumstances are therefore such that the law will imply an undertaking by Balaje to indemnify RWI and WWC.

25. RWI and WWC are entitled to implied indemnification from Balaje.

**WHEREFORE**, Plaintiffs RWI and WWC demand declaratory judgment against Defendant Balaje by way of indemnity for:

    a)     In the amount of any judgment in the Reyes Action against RWI and/or WWC;

941521.01

b)  costs and expenses (including, but not limited to attorneys' fees) incurred in defending the Reyes Action; and

c)  such other relief as the Court deems appropriate.

## COUNT IV

### CLAIM FOR CONTRIBUTION
### (AGAINST BALAJE INVESTMENTS, INC.)

26. RWI and WWC incorporate by reference the allegations made in Paragraphs 1-25.

27. RWI and WWC deny that there is any basis for judgment against them as alleged in the Reyes Action. However, to the extent that RWI or WWC is held liable for its own allegedly negligent acts, it shares liability with Balaje as joint tortfeasor.

28. RWI and WWC are entitled to contribution from Balaje to the extent that RWI or WWC is held liable to Plaintiffs.

**WHEREFORE**, Defendants RWI and WWC demands declaratory judgment against Balaje by way of contribution toward all sums, if any, for which RWI and/or WWC might be adjudged liable to Plaintiffs.

## COUNT V

### CLAIM UNDER GUARANTY
### (AGAINST NAGIN J. PATEL)

29. RWI and WWC incorporate by reference the allegations made in Paragraphs 1-28.

30. As an inducement to RWI to execute the Agreement, Patel signed a Guaranty pursuant to which Patel guaranteed Balaje's performance under the Agreement and payment

7

941521.01

under the Agreement, up to $100,000.00, if Balaje's net worth is less than $1,000,000.00. A copy of the Guaranty is included with the Agreement, attached as Exhibit B.

31. The Agreement also provides that it is presumed that Balaje's net worth is less than $1,000,000.00 if annual financial statements are not provided in accordance with the Agreement.

32. Balaje failed to meets its obligations to submit annual financial statements in accordance with the Agreement, and it is therefore presumed that Balaje's net worth has fallen below $1,000,000.00.

33. Therefore, Patel is obligated under the Guaranty.

34. Patel did not perform when Balaje breached its contractual obligation under the Agreement to secure and maintain specified types and amounts of insurance coverage naming RWI and its affiliates (including subsidiaries and parents, such as WWC) as additional insureds.

35. Balaje has failed to accept its indemnification obligation and has failed to pay RWI and WWC's attorneys' fees, to date, incurred in connection with defending the Reyes Action.

36. Patel has not performed Balaje's indemnification obligation or paid RWI and WWC's attorneys' fees, to date, incurred in connection with defending the Reyes Action.

**WHEREFORE**, Plaintiffs RWI and WWC demand declaratory judgment against Defendant Nagin J. Patel pursuant to his obligations under the Guaranty, and to the full extent of his obligations thereunder, for:

    a)     In the amount of any judgment in the Reyes Action against RWI and/or WWC;

    b)     costs and expenses (including, but not limited to attorneys' fees) incurred in defending the Reyes Action; and

941521.01

    c)    such other relief as the Court deems appropriate.

                                      **GREENBAUM, ROWE, SMITH & DAVIS LLP**

                                      C. Brian Kornbrek
                                      75 Livingston Avenue
                                      Roseland, New Jersey 07068
                                      (963) 535-1600 (tel.)
                                      (963) 535-1698 (fax)

Date: September 10, 2007          *Attorneys for Plaintiffs*

941521.01